IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIPPE TIRRE,

     Petitioner,                   No. 2:11-cv-2084 KJN P

   vs.

MARTIN D. BITER,

     Respondent.              ORDER

_____/

I. <u>Introduction</u>

     Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c). Petitioner challenges his 2010 conviction on charges of possession of heroin in a state correctional facility. Petitioner raises two claims in his petition: the court failed to provide petitioner pre-sentence or post-sentence custody credits to his prison sentence, in violation of the Fourteenth Amendment; and the felony conviction should be reduced to a misdemeanor as there was insufficient evidence to sustain the felony charge. After careful review of the record, this court concludes that the petition is denied.

////

////

1

II.  Procedural History

On January 14, 2010, petitioner pled guilty in Lassen County Superior Court to the charge of possession of heroin in a state correctional facility.  (Respondent's Lodged Document ("LD") 1.)  At the time petitioner pled guilty, he was serving a sentence of assault with a deadly weapon with great bodily injury entered by the Los Angeles County Superior Court.  (LD 3.)

On October 2, 2010, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court alleging that the state sentencing court failed to provide petitioner "pre-sentence or post-sentence custody credits" in violation of the Fourteenth Amendment, and seeking reduction of the felony offense to a misdemeanor offense because "the evidence was legally insufficient to sustain the charge under the law."  (LD 2.)  Petitioner claimed he was not the "actual owner" of the heroin found in his possession.  (Id.)

On December 2, 2010, the Lassen County Superior Court denied the petition, finding petitioner previously received credit against a prior prison term.  (LD 3.)

On December 27, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, Case No. C066966.  (LD 4.)  Petitioner raised the same two claims.  On January 13, 2011, the Court of Appeal denied the petition without comment.  (LD 5.)

On February 14, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 6.)   On July 20, 2011, the California Supreme Court denied the petition without comment.  (LD 7.)

On August 5, 2011, petitioner filed the instant petition.  Respondent filed an answer, and petitioner did not file a reply.

III.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the

United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief

1  so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."
2  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

3  The court looks to the last reasoned state court decision as the basis for the state
4  court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned
5  decision, "and the state court has denied relief, it may be presumed that the state court
6  adjudicated the claim on the merits in the absence of any indication or state-law procedural
7  principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be
8  overcome by a showing that "there is reason to think some other explanation for the state court's
9  decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

10  Where the state court reaches a decision on the merits but provides no reasoning
11  to support its conclusion, the federal court conducts an independent review of the record.
12  "Independent review of the record is not de novo review of the constitutional issue, but rather,
13  the only method by which we can determine whether a silent state court decision is objectively
14  unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned
15  decision is available, the habeas petitioner has the burden of "showing there was no reasonable
16  basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must
17  determine what arguments or theories supported or, . . . could have supported, the state court's
18  decision; and then it must ask whether it is possible fairminded jurists could disagree that those
19  arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at
20  786.

21  IV.  Petitioner's Claims

22  A.  Custody Credits

23  Petitioner claims that under California Penal Code § 2900.5, he is entitled to
24  sentencing credits for 225 days of imprisonment between June 11, 2009, the date of his arrest on
25  the heroin charge, and January 14, 2010, the date he was sentenced for the instant offense.
26  ////

4

1    The last reasoned rejection of this claim is the December 2, 2010 decision of the
2 Lassen County Superior Court, which stated:

> [Petitioner] seeks credit for 225 days imprisonment between June 11, 2009, the date of his arrest, and January 14, 2010, the date of sentencing on the latter charge. The petition for writ of habeas corpus is denied. Petitioner has already received credit for said period against his earlier term. (In re Rojas (1979) 23 Cal.3d 152, 156.)

7 (LD 3.) Respondent argues that under state law petitioner is not entitled to pre-sentence custody
8 credits while he is awaiting trial and sentence on a different criminal charge. (Dkt. No. 13 at 2.)
9    Generally, a claim of state sentencing error does not raise a federal constitutional
10 question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 783 (1990).
11 If, however, the state arbitrarily deprives the defendant of a state law entitlement in sentencing
12 him, such as denying him credits, he may be able to state a claim under the Due Process Clause.
13 See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). Thus, if California law mandated that a
14 prisoner be given certain credits in a given situation, the arbitrary denial of those credits may
15 constitute denial of a state-created liberty interest protected by the Due Process Clause of the
16 Constitution. See Robinson v. Marshall, 66 F.3d 249, 250-51 (9th Cir. 1995); Young v. Kenny,
17 907 F.2d 874, 876-78 (9th Cir. 1990).
18    California sentencing law provides that "credit shall be given only where the
19 custody to be credited is attributable to proceedings related to the same conduct for which the
20 defendant has been convicted." Cal. Penal Code § 2900.5(b). Thus, pre-sentence credits are not
21 awarded to a defendant where, as here, the custody resulted from other conduct. See In re Rojas,
22 23 Cal.3d at 155-56 ("The sensible inference is that a defendant is not to be given credit for time
23 spent in custody if during the same period he is already serving a term of incarceration.").
24    Here, petitioner was serving a sentence imposed by the Los Angeles County
25 Superior Court for assault with a deadly weapon and great bodily injury (LD 3) at the time he
26 pled guilty to possessing heroin while in state prison. "Where [a defendant's] pre-sentence

5

custody results solely from another offense, no credits are awarded." In re Nickles, 231 Cal. App. 3d 415, 420 (1991), citing Rojas, 23 Cal. 3d at 152. Thus, under California law, petitioner was not entitled to custody credits for prison time served on those unrelated charges.

Accordingly, the denial of petitioner's pre-sentence credits did not infringe on a state-created liberty interest, and cannot be the basis of a federal due process claim. Thus, petitioner's first claim for relief is denied.

### B. Alleged Insufficient Evidence

Petitioner claims there was insufficient evidence to support the felony conviction for possession of heroin. Respondent contends this claim is barred under Tollett v. Henderson, 411 U.S. 258, 267 (1973).

There is no reasoned state court decision addressing this claim.

During the January 14, 2010 plea colloquy, petitioner admitted factual and legal guilt of the crimes (LD 1 at 4) and may not now collaterally attack his convictions based on allegations that there was insufficient evidence to support the felony conviction post-plea. See Tollett, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea."); Brady v. United States, 397 U.S. 742, 756-57 (1970) (holding that having admitted guilt and consented to the entry of judgment, a criminal defendant may not challenge the validity of the guilty plea based upon a claim of innocence). Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims and claims directly related to the voluntariness of the plea. United States v. Broce, 488 U.S. 563, 571 (1989).

Petitioner's claim alleging insufficient evidence alleges a deprivation of his constitutional rights that occurred prior to his guilty plea and does not attack the voluntary and intelligent character of the plea. Accordingly, petitioner's insufficient evidence claim is not

cognizable in the context of a habeas challenge to a plea and is denied.  See Franklin v. Adams, 2005 WL 2234030, *4 (N.D. Cal. 2005) ("Petitioner's contention that there was insufficient evidence that his prior convictions were serious felonies is improper in this § 2254 habeas proceeding, since petitioner entered a guilty plea at trial.").

V. Conclusion

For all of the above reasons, the undersigned denies petitioner's application for a writ of habeas corpus.

Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

For the reasons set forth above, the undersigned finds that petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a petition for writ of habeas corpus is denied; and

2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED:  July 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tirr2084.157